IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL TRUMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 07-01702 |
| DEWOLFF, BOBERG & ASSOCIATES, INC., | ) ) ) ) |
| Defendants. | ) ) |

## Opinion and Order

Plaintiff Michael Truman commenced this action against DeWolff, Boberg & Associates, Inc. ("DBA") alleging violations of section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 216(b); the Pennsylvania Minimum Wage Act of 1968 ("PMWA") 43 P.S. §§ 333.101-333.115; and the Pennsylvania Wage Collection Act of 1961, 43 Pa. Cons. Stat. Ann. §§ 260.1-260.45.

Presently before the Court is Defendant's motion for Partial Summary Judgment seeking dismissal of Mr. Truman's claim that he is due overtime pay under the FLSA for the period of time he worked outside of the United States. The FLSA expressly exempts from its overtime requirements work performed by an employee outside of the United States. 29 U.S.C. § 213(f) (The provisions of sections 206, 207, 211 and 212 of this title shall not apply with respect to any employee whose services during the work week are performed in a workplace within a foreign country. . . .") Accordingly, Mr. Truman concedes that under the FLSA he is not entitled to overtime payments for the period of time he worked in foreign countries.

However, DBA filed a Reply to Mr. Truman's Response arguing for the first time that Mr. Truman was also not entitled to overtime payments under the PMWA for the period of time he worked in foreign countries. Thereafter, Mr. Truman filed a Sur-Reply opposing the imposition of Partial Summary Judgment to his PMWA claim. For the reasons stated below we will deny the motion for Partial Summary Judgment with regards to the PMWA claim.

## I. Background

Mr. Truman was an employee for DBA from February 13, 2006, to June 29, 2007. (DBA's Concise Statement of Material Facts ¶ 2). Between May 22, 2006, and November 19, 2006, Mr. Truman performed work for DBA in England. During the week of January 22, 2007, Mr. Truman performed work for DBA in Canada. (DBA's Concise Statement of Material Facts ¶ 4, 5). During his time with DBA he worked more than forty hours during some of the weeks of his employment. (Compl. ¶ 8). Mr. Truman alleges that under the FLSA, the PMWA, and the Pennsylvania Wage and Collection Act, DBA failed to pay him required overtime payments. (Compl. ¶ 12, 14).

## II. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c), Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary judgment may be granted only if the moving party establishes that there exists no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. Summary judgment is appropriate only when the record evidence could not lead a reasonable jury to find for the

2

non-moving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248-249 (1986). In evaluating a motion for summary judgment the court does not weigh the evidence or make credibility determinations. Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2110 (2000). Rather than evaluating the evidence and determining the truth of the matter, the court determines whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. In reviewing the evidence, the court draws all reasonable inferences in favor of the non-moving party. Reeves, 120 S.Ct. at 1210; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

**III. Discussion**

DBA seeks summary judgment as a matter of law on Mr. Truman's PMWA claim for work he performed outside the United States. DBA argues that the PMWA overtime requirements, like the FLSA requirements, do not apply to work performed in foreign countries. (DBA's Reply in Support of Defendant's Motion for Partial Summary Judgment, at 2). DBA's motion for Partial Summary Judgment does not address any claim for overtime worked while Mr. Truman was working in the United States. (Id.) Mr. Truman opposes DBA's motion arguing that the PMWA does not explicitly exempt work done in foreign countries from its overtime provisions and at all relevant times Mr. Truman was a resident of Pennsylvania entitled to the protections of the PMWA.

The Pennsylvania Minimum Wage Act guarantees that employees will be paid one and one-half times their regular rate for any overtime worked. 43 P.S. § 333.104 (c). Exemptions to this statutory provision are recorded in 43 P.S. § 333.105. Unlike the FLSA, the PMWA does not contain an explicit exemption for work performed outside of the United States. However, the PMWA has been construed to extend its protections to employees who work outside of

3

Pennsylvania. Friedrich v. U.S. Computer Systems, Inc., 1996 WL 32888 (E.D.Pa. Jan. 22, 1996). In Friedrich the Court permitted the PMWA to apply to Pennsylvania-based employees who perform work in states outside of Pennsylvania. 1996 WL 32888, at *8-9. Allowing employees who perform work outside of Pennsylvania to benefit from the PMWA is in accord with the PMWA's Declaration of Policy. 43 P.S. § 333.101 ("Employes employed in such occupations are not as a class on a level of equality in bargaining with their employers in regard to minimum fair wage standards . . . wages in such occupations are often found to bear no relation to the fair value of the services rendered"). Thus, there is nothing within the PMWA that restricts the benefits of the PMWA to work performed within the United States.

The FLSA does not preempt state minimum wage acts from offering greater protection to state employees than does the FLSA. For example, the FLSA states that, "[n]o provision of this Act . . . or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this Act." 29 U.S.C. § 218 (a). Additionally, several courts have found that explicit FLSA exemptions do not preempt state laws from offering state employees greater protections than FLSA. See e.g., Pacific Merchant Shipping Ass'n v. Aubry, 918 F.2d 1409, 1417 (9th Cir. 1990) ("We hold that [29 U.S.C.] section 213(b)(6) does not preempt California from applying the state's overtime pay laws to FLSA-exempt seamen working off the California coast."); Pennsylvania Dept. of Labor and Industry v. Whipple, 1989 WL 407328, at *3 (Pa. Com. Pl., 1989) (Overtime exemptions under FLSA "do not affect coverage under Pennsylvania Minimum Wage Act"); Ploufe v. Farm & Ranch Equip. Co., 174 Mont. 313, 320 (Mont. 1977) (holding that FLSA did not preempt Montana from regulating overtime and wages under the Montana

4

Minimum Wages and Hours Act). In light of the FLSA's explicit recognition that states may offer greater protections to its employees than the FLSA, we are reluctant to find an unstated foreign-work exemption in the PMWA based solely on the fact that the FLSA contains such an exemption. Baum v. Astrazeneca LP, 605 F.Supp.2d 669, 674 (W.D. Pa. 2009) (finding that "[b]ecause the FLSA is a remedial act, the exemptions are typically narrowly construed").

In Williams v. W.V.A. Transit Co., 472 F.2d 1258 (D.C. Cir. 1972), the Court of Appeals for the District of Columbia found that the District of Columbia Minimum Wage Act was not limited by an explicit FLSA exemption:

> [A]n employee does not lose his status of being employed in the District merely because he receives an assignment, for a relatively short period, that calls on him to spend all his time for that period at some location outside the District. Otherwise, that status would be lost or suspended through relatively isolated or occasional employment outside the District, and from the common sense of the matter we conclude that this is not the legislative intent.

472 F.2d at 1265-1266. As in Williams, we find that, although there is an applicable FLSA exemption, we cannot find an implied foreign work exemption in the PMWA to remove coverage from Pennsylvania residents who have been given assignments outside of Pennsylvania. If the Pennsylvania legislature had wanted to exempt foreign work from the PMWA it could have expressly included that exemption within the PMWA. See Friedrich, 1996 WL 32888, at *5 ("The Pennsylvania legislature enacted the PMWA to protect those employees who do not benefit from federal protection [under the FLSA].") Our conclusion is in accord with the FLSA and its regulations that permit state laws to offer greater protections than the FLSA. See 29 U.S.C. 218 (a) (Section 218 "expressly contemplates that workers covered by state law as well as FLSA shall have any additional benefits provided by the state law higher minimum wages; or

5

lower maximum work week." Williams, 472 F.2d at 1261); 29 C.F.R. § 778.5 ("[n]othing in the act, the regulations or the interpretations announced by the Administrator should be taken to override or nullify the provisions" of state and local laws.)

In support of its argument that the FLSA and PMWA should have an identical analysis, DBA relies on Paul v. UPMC Health Sys., C.A. No. 06-1565, 2009 WL 699943 (W.D. Pa. Mar. 10, 2009). In Paul, the defendant argued that the plaintiff was properly classified as an administrative employee and was therefore exempt from the overtime requirements under both the FLSA or the PMWA. The Paul Court noted that the "administrative exemptions" set forth in both the FLSA and PMWA are identical, and therefore only analyzed "the applicability of the administrative exemption to plaintiff's FLSA claim," noting that "the same analysis, however, also applies to plaintiff's PMWA claim." 2009 WL 699943, at *8, n.1. The Paul Court applied an identical analysis only because both Acts contain express administrative exemptions. The Paul case does not address the circumstance when the FLSA contains an explicit exemption and the PMWA contains no corresponding exemption.

DBA's reliance on Mitchell v. Abercrombie & Fitch, No. C2-04-306, 2005 WL 1159412 (S.D. Ohio May 17, 2005) is also misplaced. The Mitchell case concerned application of the Ohio Minimum Fair Wage Standards Act to a plaintiff who not only did all of his work outside of Ohio, but also did not reside in Ohio. The Mitchell Court found that the Ohio legislature did not intend the Act to apply to workers, "who perform *no* work within the territorial limits of the State of Ohio [and that] the Commerce Clause of the United States Constitution prohibits Ohio from regulating the working conditions of a non-resident who performs work and earns wages outside of the state." 2005 WL 1159412, at *3 (emphasis added). The Mitchell Court also noted

6

that there was "no claim that [plaintiff] ever worked for even a brief period of time in Ohio, which would change the analysis as to the applicability of Ohio law to his employment relationship." 2005 WL 1159412, at *4. Here, there is no dispute that Mr. Truman is a Pennsylvania-based employee.

## IV. Conclusion

The employer has the burden of proof of to show that an employee fits into an exemption. Baum, 605 F.Supp.2d at 674. Mr. Truman has conceded that work he performed outside of the United States is not protected by the FLSA, and thus we will grant DBA's motion in this respect. However, DBA has failed to show that Mr. Truman is an exempt employee under the PMWA for the work performed in England and Canada. Nothing within the language of the statute implies that work performed in a foreign country by a Pennsylvania resident does not deserve the same protections as work performed within Pennsylvania by the same resident and for the same company. Accordingly, we will deny the motion for partial summary judgment with regards to the PMWA claim.

An appropriate Order follows.

July 7, 2009
Date

Maurice B. Cohill, Jr.,
Senior District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL TRUMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 07-01702 |
| | ) |
| DEWOLFF, BOBERG & | ) |
| ASSOCIATES, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

AND NOW, to-wit, this \_\_\_7th\_\_\_ day of July, 2009, after careful consideration and for the reasons set forth above, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Partial Summary Judgment be and hereby is DENIED in part and GRANTED in part as follows:

1. Defendant's motion for partial summary judgment of Plaintiff's FLSA claim for the period of time he worked outside of the United States be and hereby is GRANTED.

2. Defendant's motion for partial summary judgment of Plaintiff's PMWA claim for the period of time he worked outside of the United States be and hereby is DENIED.

*[signature]*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: counsel of record